MEMORANDUM *
Luis Manuel Tapia appeals from his jury-trial conviction and judgment on 27 counts of an indictment that included multiple drug and firearm charges and a charge that he conducted a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), (b), and (s). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
The district court may have erred by admitting inflammatory statements by Ta-pia that were more prejudicial than probative and by failing to limit properly some of the gang expert testimony. See Kennedy v. Lockyer, 379 F.3d 1041, 1055-56 (9th Cir. 2004); United States v. Takahashi, 205 F.3d 1161, 1165 (9th Cir. 2000); cf. United States v. Rodriguez, 766 F.3d 970, 987 (9th Cir. 2014). But any error was harmless because the facts showed Tapia was deeply involved in the crimes charged and “no reasonable jury, on the properly-admitted evidence before it, could have done other than convict.” See United States v. Echa *500 varria-Olarte, 904 F.2d 1391, 1399 (9th Cir. 1990). Even if the district court granted Tapia’s motion for a writ to compel the attendance of a confidential informant, and the informant testified as Tapia hoped, the testimony would not defeat the overwhelming evidence that Tapia conducted a continuing criminal enterprise and committed the charged offenses. “[W]e will not reverse when ‘it is more probable than not that [any] error[s] did not materially affect the verdict.’ ” United States v. Vera, 770 F.3d 1232, 1240 (9th Cir. 2014) (quoting United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir. 2005)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. The parties are familiar with the facts, so we do not recite them here,